WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carl West,<br><br>    Plaintiff,<br><br>v.<br><br>United States of America; Joe Gordwin, an FBI agent,<br><br>    Defendants. | No. CV-13-00304-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant United States of America's Motion to Dismiss. (Doc. 10.) For the reasons discussed below, the Motion is granted.

### BACKGROUND[1]

On June 20, 2002, Plaintiff Carl West was arrested and charged with conspiracy to commit armed burglary. (Doc. 7, Amend. Compl. ¶ 8.) In June 2003, West was convicted in Arizona Superior Court and sentenced to twenty years in prison. (*Id.* ¶ 47.) West appealed the state court conviction and filed a petition for post-conviction relief on July 8, 2003. (*Id.*) West was granted a preliminary release by the Superior Court on February 11, 2011. (*Id.* ¶ 48.) On December 21, 2012, the Superior Court overturned West's conviction based on improprieties that had occurred prior to and during West's criminal trial. (*Id.* ¶¶ 49, 51.) The State of Arizona appealed the ruling. That appeal is currently pending with the Arizona Court of Appeals (Division One). (*Id.* ¶ 51.)

---

[1] The Court takes as true the allegations contained in West's Amended Complaint at this stage of the litigation. *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996).

Defendant Joe Gordwin, a former FBI special agent, was the lead investigator on West's case and worked with Mesa Police Detective Jeffrey Jacobs as part of the FBI Gang Task Force. (*Id.* ¶ 10.) Gordwin had obtained wiretaps involving conversations between West and his criminal co-defendants about burglarizing a warehouse in downtown Phoenix, Arizona. (*Id.* ¶¶ 12–13.) West was convicted based on that evidence and the testimony of his co-conspirators. (*Id.* ¶ 16.) During the hearing on West's petition for post-trial relief, several witnesses recanted the testimony they had provided during his criminal trial, and Jacobs and others revealed that Gordwin had coerced the testimony of some of West's co-conspirators, including a woman with whom Gordwin was having an intimate relationship. (*Id.* ¶¶ 16, 49–50.)

After his conviction was overturned, West brought this action against Defendants United States and Gordwin on February 11, 2013. (Doc. 1.) West filed an Amended Complaint (the "Complaint") on March 13, 2013, alleging the following counts against Defendants: (1) abuse of process; (2) malicious prosecution; (3) negligence; (4) intentional infliction of emotional distress; (5) negligent supervision; (6) violation of civil rights (malicious prosecution, false arrest and/or wrongful conviction) under 12 U.S.C. § 1983; (7) false arrest; (8) deliberate fabrication of evidence under § 1983; (9) wrongful conviction; (10) false imprisonment; (11) negligent misrepresentation; (12) fraud; (13) conspiracy; and (14) punitive damages. (*Id.* at 12–24.) Defendant United States now moves to dismiss the Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (Doc. 10.)

**DISCUSSION**

**I.      LEGAL STANDARD**

The Court may only reach the merits of a dispute if it has jurisdiction to do so. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95 (1998). Jurisdiction is limited to subject matter authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Under Rule 12(b)(1), a defendant may challenge at any time a federal court's jurisdiction to hear the case. *See* Fed. R. Civ. P. 12(b)(1),

12(h)(3). In such a challenge, the defendant may either facially or factually attack the plaintiff's complaint for lack of subject matter jurisdiction. A facial challenge asserts that the complaint, on its face, fails to allege facts that would invoke federal jurisdiction. *Safe Air For Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2003). A factual attack, on the other hand, disputes the veracity of allegations in the complaint that would, if true, invoke federal jurisdiction. *Id.*

In resolving a motion under Rule 12(b)(1), the Court is not limited to the allegations in the pleadings if the "jurisdictional issue is separable from the merits the case." *Roberts v. Corrothers,* 812 F.2d 1173, 1177 (9th Cir. 1987). "The court may view evidence outside the record, and no presumptive truthfulness is due to the complaint's allegations that bear on the subject matter [jurisdiction] of the court." *see Greene v. United States,* 207 F. Supp. 2d 1113, 1119 (E.D. Cal. 2002) (citing *Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir. 1983)). While lack of subject matter jurisdiction is an affirmative defense, "[t]he party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1092 (9th Cir. 1990) (internal citation omitted).

## II.   ANALYSIS

### A.   Abuse of Process

Count One of the Complaint is a "State Claim for Abuse of Process" brought under the "Arizona Constitution, Article 2, Section 4." (Doc. 7 at 12–13.)

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared."

West states in his Response to Defendants' Motion that "[a]s to counts 1-4, [West] did not allege a cause of action against the Defendant United States." (Doc. 11 at 2.) Defendant asserts in its Reply that it has no objection to dismissal of Count One without prejudice. Fed. R. Civ. P. 41(a)(1)(B) (" Unless the notice or stipulation states otherwise,

the dismissal is without prejudice."). Therefore, though West did not file a notice of dismissal or a joint stipulation of dismissal, the Court dismisses Count One without prejudice because the Parties are in agreement.

### B.     28 U.S.C. § 1983 Claims

A Section 1983 suit may not be brought against the United States. The civil rights statutes provide recourse to persons who have been deprived of their constitutional rights by the actions of another *person* acting under color of law. 42 U.S.C. § 1983 (emphasis added). The United States is not a "person" within the meaning of § 1983's provisions. *Jachetta v. United States,* 653 F.3d 898, 908 (9th Cir. 2011). "Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit." *United States v. Dalm,* 494 U.S. 596, 608 (1990) (internal quotation marks and citations omitted). The United States has not waived its sovereign immunity for suits brought under the civil rights statutes, and such claims are barred by sovereign immunity. *See Jachetta,* 653 F.3d at 908.

Counts Six and Eight of West's Complaint allege violations by Defendant of Section 1983. Therefore, those Counts are dismissed with prejudice for lack of subject matter jurisdiction.

### C.     Tort Claims

Along with the claim for abuse of process (Count One), West states in his Response that he did not allege a cause of action against Defendant United States for malicious prosecution (Count Two), negligence (Count Three), and intentional infliction of emotional distress (Count Four). Defendant does not object to a dismissal without prejudice as to those Counts. Therefore, the Court dismisses Counts Two and Three without prejudice and Count Four with prejudice, for the reasons discussed below, pursuant to Rule 41(a)(1).

As to the remaining claims, the only remedy available to West for torts allegedly committed by Defendant United States is to bring claims under the Federal Tort Claims

Act (the "FTCA"), 28 U.S.C. § 1346, et. seq. *FDIC v. Craft,* 157 F.3d 697, 706 (9th Cir. 1998). The FTCA provides that an "'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." *McNeil v. United States*, 508 U.S. 106, 107 (1993) (quoting 28 U.S.C. § 2675(a)). If the plaintiff has not exhausted his administrative remedies, the district court lacks subject matter jurisdiction to hear the case. *Johnson v. United States,* 704 F.2d 1431, 1442 (9th Cir. 1983) ("Exhaustion of the claims procedures established under the Act is a prerequisite to district court jurisdiction.").

Defendant contends that West's tort claims should be dismissed for West's failure to exhaust administrative remedies available to him. A tort claim against the United States is forever barred unless it is presented in writing to the appropriate federal agency within two years after the claim accrues. *Denton v. United States*, 638 F.2d 1218, 1221 (9th Cir. 1981) (citing 28 U.S.C. § 2401(b)). West does not allege in his Complaint that he presented his tort claims to a federal agency before bringing this action. Accordingly, the Court lacks subject matter jurisdiction to hear West's claims.

Nevertheless, in his Response, West requests the Court to "dismiss Counts 5, 6, 7, 8, 9, 10, 12 and 13 against the United States only without prejudice to allow [West] to file a claim under the [FTCA] and then appropriate actions should the matter not be resolved." (Doc. 11 at 2–3.) The Court interprets West's request as one to allow him to exhaust his administrative remedies and once exhausted, to replead such claims if necessary. Defendant requests the Court to dismiss West's claims *with* prejudice. It contends that allowing West to pursue administrative exhaustion with leave to replead would be futile since the statute of limitations period for these tort claims has expired as they accrued more than two years ago.

"Under federal law, a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986). Further, "statutes of limitation normally begin to run when . . . the cause of action is complete with all of its elements." *Hamilton*

*Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (internal quotation marks and citation omitted).

West's claims for negligent supervision (Count Five), negligent misrepresentation (Count Eleven), fraud (Count Twelve), and conspiracy (Count Thirteen) have not begun to accrue. Further, West is not yet entitled to relief for those claims because they are not complete with all of their elements. Harm or injury is an element of each of those claims.[2] The principal harm alleged by West as to each of those claims is his conviction and sentence of imprisonment. (*See* Doc. 7 ¶¶ 61, 64, 80, 110, 113–114, 116.) That conviction was overturned by the Superior Court on December 21, 2012, based on West's petition for post-trial relief. But the State of Arizona has appealed the Superior Court's ruling to the Arizona Court of Appeals and the appeal is pending. Because West has not alleged that the criminal proceedings against him have yet been terminated in his favor, he has not stated claims for relief based on harm related to his conviction. The Court dismisses Counts Five, Eleven, Twelve and Thirteen without prejudice.

To state a claim for intentional infliction of emotional distress (Count Four), West must allege three elements: "*first,* the conduct by the defendant must be 'extreme' and 'outrageous'; *second,* the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct; and *third,* severe emotional distress must indeed occur as a result of defendant's conduct." *Ford v. Revlon, Inc.,* 734 P.2d 580, 585 (Ariz. 1987) (emphasis in original). West bases his claim against Defendant United States on Defendant Gordwin's coercion of witness

---

[2] (1) Negligent supervision: "[a] person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct", *Kassman v. Busfield Enterprises, Inc.*, 131 Ariz. 163, 166, 639 P.2d 353, 356 (Ct. App. 1981); (2) negligent misrepresentation: "liability . . . is limited to loss suffered", *Donnelly Const. Co. v. Oberg/Hunt/Gilleland*, 139 Ariz. 184, 189, 677 P.2d 1292, 1297 (1984) (quoting of the Restatement (Second) of Torts § 552); (3) fraud: "his consequent and proximate injury", *Wagner v. Casteel,* 663 P.2d 1020 (Ct. App. 1983); and (4) conspiracy: "the action is one for damages arising out of the acts committed pursuant to the conspiracy", *Perry v. Apache Junction Elementary Sch. Dist. No. 43 Bd. of Trustees*, 20 Ariz. App. 561, 564, 514 P.2d 514, 517 (1973).

testimony and his false statements about West to his FBI supervisor and the prosecutor during the criminal trial. The coerced testimony and false statements caused West emotional distress because they led to his incarceration. Unlike the other tort claims, where the harm was West's conviction and sentence, the harm for this claim is emotional distress. West's claim began to accrue when he learned of Defendant Gordwin's false statements. West does not state precisely when he learned of those statements but he asserts that the improprieties of Gordwin and other officers was revealed during the state court hearing on his petition for post-conviction relief. West was granted a preliminary release based on that evidence on February 11, 2011. Thus, West's claim began to accrue no later than February 11, 2011. Since the two-year limitations period to present such a claim to a federal agency has expired, the Court dismisses Count Four with prejudice.

In Arizona, state law claims for false arrest and false imprisonment accrue once legal process is initiated. *Hansen v. Stoll,* 130 Ariz. 454, 460, 636 P.2d 1236, 1242 (Ct. App. 1981); *Rondelli v. County of Pima,* 120 Ariz. 483, 485, 586 P.2d 1295, 1297 (Ct. App.1978). West was arrested and charged with conspiracy to commit armed burglary on June 20, 2002. (Doc. 7 ¶ 8.) His false arrest (Count Seven) and false imprisonment (Count Ten) claims began to accrue on that date. Those claims are "forever barred" under the AEDPA because West did not present them to the appropriate federal agency within two years of accrual. Further, "[i]f the arrest or imprisonment has occurred pursuant to valid legal process, the fact that the action was procured maliciously and without probable cause does not constitute false arrest or false imprisonment." *Slade v. City of Phoenix*, 112 Ariz. 298, 300, 541 P.2d 550, 552 (1975). Though West challenges the evidence upon which his conviction was procured by the government, he does not allege that he was arrested or imprisoned without valid legal process. Thus, Counts Seven and Ten are dismissed with prejudice because they are barred under the statute of limitations and West fails to state claims for which relief may be granted.

West finally alleges a claim for "wrongful conviction" (Count Nine). As there is no such claim under Arizona law, Count Nine is dismissed with prejudice.

### D.  Punitive Damages

West brings a claim for punitive damages (Count Fourteen) against Defendant. The United States is not liable for punitive damages. 28 U.S.C. § 2674. Therefore, Count Fourteen is dismissed with prejudice.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 10) is **granted.**

**IT IS FURTHER ORDERED** that Counts One (abuse of process), Two (malicious prosecution), Three (negligence), Five (negligent supervision), Eleven (negligent misrepresentation), Twelve (fraud), and Thirteen (conspiracy) are **dismissed without prejudice.**

**IT IS FURTHER ORDERED** that Counts Four (intentional infliction of emotional distress), Six (violation of civil rights (malicious prosecution, false arrest and/or wrongful conviction) under 12 U.S.C. § 1983), Seven (false arrest), Eight (deliberate fabrication of evidence under § 1983), Nine (wrongful conviction) Ten (false imprisonment), and Fourteen (punitive damages) are dismissed **with prejudice**. The Clerk of Court is directed to terminate this action and enter judgment accordingly.

Dated this 21st day of August, 2013.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge