WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carl West,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>United States of America, et al.,<br><br>　　　　　Defendants. | No. CV-13-00304-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant United States of America's Motion to Dismiss. (Doc. 28). For the reasons below, the Court grants the motion.

## BACKGROUND

In 2002, a joint investigation between Mesa police and the FBI led to the arrest of plaintiff Carl West. An FBI Agent, Joe Gordwin, had obtained wiretaps involving conversations between Mr. West and his criminal co-defendants about burglarizing a warehouse in downtown Phoenix, Arizona. In 2003, a jury in Arizona Superior Court convicted Mr. West for conspiracy to commit armed robbery and the court sentenced him to a twenty year prison term based on the wiretap evidence and the testimony of his co-conspirators.

In 2008, Agent Gordwin pled guilty to various criminal charges for misconduct resulting from a concealed intimate relationship with the wife of one of Mr. West's co-conspirators. On June 18, 2008, Mr. West heard about Agent Gordwin's indictment, and Mr. West immediately sought counsel to help obtain post-trial relief. At a subsequent

hearing on West's petition in December 2010, several witnesses recanted their trial testimony and revealed that Gordwin had coerced the testimony of some of West's co-conspirators, including Gordwin's mistress. On February 11, 2011, West was preliminary released on ankle monitoring, and the criminal charges against him were eventually dismissed on August 19, 2013.

Mr. West filed the present claim on February 11, 2013. The lawsuit alleged fourteen counts: (1) abuse of process; (2) malicious prosecution; (3) negligence; (4) intentional infliction of emotional distress; (5) negligent supervision; (6) violation of civil rights (malicious prosecution, false arrest and/or wrongful conviction) under 12 U.S.C. § 1983; (7) false arrest; (8) deliberate fabrication of evidence under § 1983; (9) wrongful conviction; (10) false imprisonment; (11) negligent misrepresentation; (12) fraud; (13) conspiracy; and (14) punitive damages. (Doc. 1 at 12–24). The United States filed a motion to dismiss, requesting the Court to dismiss all counts on the basis of either a lack of subject matter jurisdiction or failure to exhaust administrative remedies. (Doc. 10).

The Court dismissed counts One, Two, and Three without prejudice by stipulation. (Doc. 15). The Court dismissed counts Five, Eleven, Twelve, and Thirteen without prejudice because the claims had not yet accrued. (Doc. 15). The Court dismissed counts Six and Eight with prejudice because a Section 1983 suit may not be brought against the United States. (Doc. 15). The Court dismissed count Nine with prejudice because "wrongful conviction" is not a recognized claim under Arizona law. (Doc. 15). The Court dismissed Counts Four, Seven, and Ten because the Federal Tort Claims Act ("FTCA") requires claimants to exhaust administrative remedies and to seek administrative relief within two years after the claim accrues. (Doc. 15). The Court dismissed these claims with prejudice because, even if West subsequently attempted to request administrative remedies, such claims would be barred by the two year statute of limitations. (Doc. 15).

Mr. West appealed the decision to dismiss certain counts with prejudice. During the appeal, the United States Supreme Court confirmed that plaintiffs may seek equitable

tolling of claims against the United States under the FTCA. *United States v. Wong*, 135 S. Ct. 1625, 1638 (2015). The Ninth Circuit "reverse[d] the dismissal with prejudice of Counts 4, 7, 9 and 10 so that West may refile and seek equitable tolling of those claims." *West v. United States*, No. 13-16909, Ninth Cir., Doc. 49.

Mr. West filed a second amended complaint on July 23, 2018. The complaint charged three counts against the United States: a state claim for false arrest (Count Two), a state claim for wrongful conviction (Count Three), and a state claim for false or wrongful imprisonment (Count Four). The United States subsequently filed this motion to dismiss, claiming that Mr. West's complaint is untimely and fails to state a claim upon which relief can be granted. (Doc. 28).

**DISCUSSION**

**I. Legal Standard**

The United States requests the Court to dismiss all claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action[;]" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 555. When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir.

1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

**II.     Analysis**

The FTCA operates as a limited waiver of sovereign immunity, "making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *U.S. v. Orleans*, 425 U.S. 807, 813 (1976). "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b).

"The date on which an FTCA claim accrues is determined by federal law." *Bartleson v. United States*, 96 F.3d 1270, 1276 (9th Cir. 1996) (citing *Landreth v. United States*, 850 F.2d 532, 533 (9th Cir.1988)). FTCA claims accrue when a plaintiff knows or has reason to know of the injury which is the basis of his action. *Id.*; *see also Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986). In federal law and Arizona state law, claims of false arrest and imprisonment[1] accrue when "the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007)[2]; *Hansen*

---

[1] Mr. West alleges the tort of wrongful conviction in addition to the torts of false arrest and false imprisonment. The Court previously determined that there is no claim for wrongful conviction under Arizona Law. (Doc. 15 at 7). The Court still so holds. Although the Ninth Circuit did not otherwise address whether Arizona law supports a claim for wrongful conviction, it determined that the Court did not yet have jurisdiction to resolve this claim on the merits. *West v. United States*, No. 13-16909, Ninth Cir., Doc. 49. In a separate lawsuit, Mr. West brought a claim for wrongful conviction against the City of Mesa. In review of that case, the Ninth Circuit said that other than false arrest and false imprisonment, West's "tort claims were not subject to a favorable termination requirement, and accrued at least by the time West was convicted." *West v. City of Mesa*, 594 Fed. Appx. 923, 924 (9th Cir. 2014). Accordingly, even assuming the existence of a tort claim of wrongful conviction, the wrongful conviction tort would accrue no later than when Mr. West was convicted. Thus, he would still be required to establish equitable tolling for his wrongful conviction claim as he would be with respect to his false arrest and false imprisonment claims.

[2] The Court in *Wallace* rejected the "contention that *Heck v. Humphrey*, 512 U.S. 477 (1994) compels the conclusion that his suit [for false arrest and false imprisonment] could not accrue until the State dropped its charges against him." *Id.* at 392.

*v. Stoll*, 130 Ariz. 454 (App.1981); *see also West v. City of Mesa*, 594 Fed. Appx. 923, 924 (9th Cir. 2014).

"[T]he FTCA's time bars are nonjurisdictional and subject to equitable tolling." *U.S. v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015). Equitable tolling is unavailable in most cases and is permitted only if extraordinary circumstances beyond a prisoner's control make it impossible to file a timely claim. *Miles v. Prunty*, 187 F.3d 1104, 1106 (9th Cir. 1999) (citations omitted). To be entitled to equitable tolling, a plaintiff must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Police arrested West and charged him with conspiracy to commit armed burglary on June 20, 2002. (Doc. 26 ¶ 32). His false arrest (Count Two) and false imprisonment (Count Four) claims began to accrue on that date. A state court jury convicted Mr. West on February 6, 2003. (Doc. 7 ¶ 25). His wrongful conviction claim (Count Three) began to accrue on that date. Mr. West filed this lawsuit on February 11, 2013, (Doc. 1), years after the two-year statute of limitations. Therefore, for Mr. West's claim to survive, he must plead factual content that allows the court to draw the reasonable inference that Mr. West's claims are equitably tolled until February 2011.

In October 2008, Mr. West wrote and filed a petition for post-conviction relief in Arizona Superior Court. (Doc. 28, Exh. E). In this petition, Mr. West wrote that he learned that Agent Gordwin had an improper sexual relationship with the wife of a man he was investigating and attempted to improperly influence the outcome of criminal cases. *Id.* He also noted that Agent Gordwin paid an informant and manipulated evidence and testimony. *Id.* He concluded, "Therefore, according to this newly discovered evidence, it clearly demonstrates that . . . the actions of [Agent] Gordwin . . . substantially undermine[] critical testimony[,] and his illegal strategies changed the results of the trial." *Id.* at 6. Mr. West supports his 2013 FTCA claims with this same set of facts. (Doc. 26). Under the FTCA discovery rule, Mr. West undoubtedly knew or had

to reason to know of the injury underlying the action by the time he filed his 2008 petition.

In the time between Mr. West's 2008 petition and his 2013 complaint against the United States, Mr. West asserts that his claims should be tolled because he was either incarcerated or on ankle monitoring. (Doc. 29). However, an incarcerated person is not prohibited from filing a lawsuit or obtaining legal advice. Additionally, a continuing impact from a past violation is not actionable as a separate tort with a separate accrual date. *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001).

Mr. West also claims that he was mentally incapacitated and committed to a mental health facility. (Doc. 29). To determine whether a petitioner is entitled to equitable tolling for a mental impairment, the district court must, among other things, find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period and determine whether the petitioner's mental impairment made it impossible to timely file on his own. *Bills v. Clark*, 628 F.3d 1092, 1100–1101 (9th Cir. 2010). The Complaint alleges that "Plaintiff's mental health suffered greatly while he was incarcerated[;] . . . Plaintiff was not allowed to leave prison nor was he given proper treatment . . . [and] was rendered unable to file any claims against any government, agencies or their employees[;] Plaintiff has been involuntarily committed to a mental health facility subsequent to the injuries he sustained while wrongfully incarcerated." (Doc. 27 ¶¶ 86–88). In the response to the United States motion to dismiss, Mr. West says nothing more than he "had mental health issues that resulted in commitment, and thus, was incapacitated during this time." (Doc. 29 at 11).

Despite Mr. West's claim that he was rendered unable to file any claims against the government, Mr. West's 2008 petition shows that his mental illness did not impair his ability to file a timely claim. He had the mental capacity to successfully petition for post-trial relief, and his mental condition is therefore not an extraordinary circumstance that stood in his way of filing this claim.

The Ninth Circuit has already supported this conclusion in one of Mr. West's suits

against the City of Mesa. "The district court did not plainly err in finding that West knew of the facts giving rise to the . . . claim more than two years before he filed his complaint. He alleged the key facts in his 2008 petition for post-conviction relief, but did not file his complaint until 2012. Accordingly, those claims are time-barred." *West v. City of Mesa*, 708 Fed. Appx. 288, 291–92 (9th Cir. 2017).

**CONCLUSION**

Mr. West has not pled factual content that allows the court to draw the reasonable inference that his claims against the United States are equitably tolled. Therefore, his claim against the United States is barred by the FTCA statute of limitations in 28 U.S.C. § 2401(b).

**IT IS HEREBY ODRDERED** that Defendant United States' Motion to Dismiss (Doc. 28) is **granted**, and the United States is dismissed from this action.

Dated this 28th day of February, 2018.

_____
Honorable G. Murray Snow
United States District Judge